ing the payment of compensation awards to State employees."

(No. 4192— <span style="background:black"></span>

JOHN E. BARRY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1950.*

ROBERT F. HAILS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

On October 28, 1948, claimant, John E. Barry, was injured in an accident that arose out of and in the course of his employment as an automobile license investigator for the Secretary of State. He now proceeds under the Workmen's Compensation Act.

On the day in question, while on duty and driving an automobile furnished by respondent, claimant struck a steel pole in the center of Ogden Avenue near Albany Avenue in Chicago.

Claimant sustained severe injuries including an unusual fracture of the cup of his left hip joint, a Potts

fracture of the right ankle, and head lacerations.

Emergency treatment was given at the Hospital of St. Anthony de Padua, Chicago, and, the day after the accident, claimant was removed to St. Joseph's Hospital, Joliet, where he remained until February 9, 1949. Claimant returned to work on March 1, 1949, but was again hospitalized for plastic surgery from March 5 to March 12, 1949, at Silver Cross Hospital, Joliet. He returned to work on March 19, 1949. From November 8 to November 10, 1949, claimant was again hospitalized at Grant Hospital, Chicago, for plastic surgery.

No jurisdictional questions are involved.

During all of the time claimant was off work he was paid his full salary of $250.00 per month. His salary in November, 1949 was $275.00 per month.

Claimant was a single man, aged 30, with no dependents. His earnings in the year prior to the accident amounted to $3,000.00, and his rate of compensation for temporary total disability should have been $19.50 per week. He was thus overpaid for temporary total disability from the day after his accident through February 28, 1949, or 17 4/7 weeks, 2 1/7 weeks in March, 1949, and 3/7 week in November, 1949, or a grand total of 20 1/7 weeks. His compensation amounted to $392.79, but he was paid $1,127.50, or an overpayment of $734.71.

However, claimant does not seek in this action any recovery for total temporary disability, partial permanent disability, or specific loss of use of his legs. All he asks is for respondent to pay his doctor and hospital bills, all of which were authorized by his superiors, and none of which have been paid. That respondent is responsible for the payment of such bills, subject to Section 15 of the Workmen's Compensation Act, is conceded, since all such services were required to cure or relieve

claimant from the effects of his accidental injury. Sec. 8 (a) Workmen's Compensation Act. This responsibility is independent of any overpayment to claimant.

Therefore, we are unable to understand why respondent failed to claim recoupment against claimant for the overpayment of $734.71. In *Batley* v. *State,* No. 4246, opinion filed May 9, 1950, we held recoupment could not be granted unless specifically pleaded.by respondent as a counterclaim. We follow that case, and hold herein that no order can be entered in favor of respondent to recover the overpayment of temporary total disability to claimant.

Passing to the doctor, ambulance and hospital bills, under Section 15 of the Workmen's Compensation Act, the reasonableness of any such charges is subject to the control of the Industrial Commission. This Court acts as the Industrial Commission for State employees, and we have the same powers and duties.

Except for some personal phone calls which were charged on claimant's hospital bill at St. Joseph's Hospital, Joliet, which we find amounted to $32.07, no question can be raised about the reasonableness of any charges except those of Dr. George H. Brannon, Manhattan, Illinois.

Dr. Brannon submitted an unitemized bill for $1,521.00. He testified at the hearing as to such charges. In his report to this Court, Commissioner Wise stated that in his opinion the charges of Dr. Brannon were grossly excessive.

However, Dr. Brannon did attend claimant every day he was in St. Joseph's Hospital. He stated his charges were $5.00 per visit. Extra services for putting claimant in traction amounted to $50.00. In addition, Dr. Brannon made several calls per day during a time

that claimant was ill in the hospital from pneumonia. Dr. Brannon also performed one plastic surgery operation.

An eminent consultant, Dr. James J. Callahan, assisted Dr. Brannon in treating claimant's hip cup fracture, and his charges of $100.00 were included in Dr. Brannon's bill. That the services of both doctors were skillful to a high degree is conceded.

However, we find from the record that Dr. Brannon is entitled to only $1,000.00. The record discloses that he made approximately 150 calls on claimant. At $5.00 per call, this amounts to $750.00. He paid Dr. Callahan $100.00. His services for putting claimant in traction amounted to $50.00, and for the plastic surgery operation he is entitled to $100.00.

Julia Hertz, Joliet, Illinois, was employed to take and transcribe the testimony of the two hearings before Commissioner Wise. Her charges amounted to $65.00, which are reasonable, and an award is entered in her favor for such sum.

An award is entered in favor of claimant, John E. Barry, under Section 8 (a) of the Workmen's Compensation Act, for $2,556.83, all of which is payable forthwith as follows:

$ 35.00 to claimant for the use of Hospital of St. Anthony de Padua, 2875 West 19th Street, Chicago, Illinois. (First aid.)

$ 15.00 to claimant for the use of Gerald Dames & Sons, 309 Sherman Street, Joliet, Illinois. (Ambulance service.)

$1,000:00 to claimant for the use of Dr. George H. Brannon, Hoerrmann Hotel Building, Manhattan, Illinois. (Professional services.)

$ 122.33 to claimant for the use of Silver Cross Hospital, Joliet, Illinois. (First plastic surgery hospitalization.)

$1,170.00 to claimant for the use of St. Joseph's Hospital, 372 North Broadway, Joliet, Illinois. (Principal hospitalization.)

$ 150.00 to claimant for the use of Dr. Karl A. Meyer, 30 North Michigan Avenue, Chicago, Illinois. (Professional services, second plastic surgery operation.)

$ 64.50 to claimant for the use of Grant Hospital of Chicago, 551 West Grant Place, Chicago, Illinois. (Second plastic surgery hospitalization.)

Recoupment to respondent is denied for failure to plead same by counterclaim.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."